IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES WHITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 99 CR 545-5 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Charles White ("Petitioner") brings two motions before this Court: (1) a Motion to Set Aside the Judgment Obtained By Fraud on This Court, pursuant to Fed. R. Civ. P. 60(b); and (2) a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2)(2000). For the reasons set forth below, both motions are denied.

### I.  BACKGROUND

On November 3, 1999, a federal grand jury returned a criminal indictment that charged Petitioner with conspiracy to possess with intent to distribute in excess of five kilograms of cocaine and fifty grams of cocaine base (also known as crack), in violation of 21 U.S.C. § 846 (Count One); distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Four); and distribution of approximately 121.9 grams of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count Six). Memorandum and Opinion Order, No. 02 C 1757, Dkt. 6, Feb. 28, 2005 ("MOO") 1. In May 2000, Petitioner and his co-defendant Wade Hemphill were tried by jury before this Court. On June 1, 2000, Petitioner was found guilty of

Counts One and Six. This Court sentenced Petitioner to 188 months' imprisonment on November 30, 2000.

On March 8, 2002, Petitioner filed his first motion under 28 U.S.C. § 2255 (docketed in the Northern District of Illinois as Case No. 02 C 1757). This Court denied Petitioner's motion on February 28, 2005. On October 30, 2006, Petitioner filed an application pursuant to 28 U.S.C. § 2244(b)(3) before the Seventh Circuit, seeking authorization to file a second or successive collateral attack under 28 U.S.C. § 2255. On November 21, 2006, the Seventh Circuit denied Petitioner's request. Petitioner filed his current Motion to Set Aside the Judgment Obtained by Fraud on this Court on January 23, 2007.

## II. ANALYSIS

### a. Motion to Set Aside Judgment

Petitioner styles this motion as one under Fed. R. Civ. P. 60(b), which provides that a court may relieve a party from a final judgment when it results from fraud, misrepresentation, or misconduct by an opposing party. However, in substance, Petitioner's motion is a 28 U.S.C. § 2255 motion. Under 28 U.S.C. § 2255(a),

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence

Petitioner's motion alleges that the prosecution violated his constitutional rights by allegedly presenting fabricated evidence, which brings it under the ambit of Section 2255.

The Seventh Circuit addressed a similar situation in *U.S. v. Carraway*, 478 F.3d 845 (7th Cir. 2007), where the petitioner, who had previously filed a collateral attack on his conviction

2

pursuant to 28 U.S.C. § 2255, which was denied, later brought another motion, this one labeled as a request for relief under Rule 60(b). The *Carraway* court held that the Rule 60(b) label was "immaterial; it is the substance of the petitioner's motion that controls how his request for relief shall be treated . . . [A]ny post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of Section 2255 should be treated as a Section 2255 motion." *Id.* at 848. The court concluded that the "district court correctly treated Carraway's motion as a second or successive request for relief pursuant to 28 U.S.C. § 2255 and, because Carraway had not first sought this court's leave to pursue such a request, properly dismissed the motion for want of jurisdiction." *Id.* at 847.

The facts here are similar. Petitioner has already filed a collateral attack on his conviction under Section 2255, which was denied by this Court, so this motion would be a second or successive motion under Section 2255. Under 28 U.S.C. § 2255(h)(1), a "second or successive motion must be certified as provided in Section 2244 by a panel of the appropriate court of appeals . . . ." Petitioner has not satisfied the threshold procedural requirement for Seventh Circuit certification. In fact, the Seventh Circuit denied his second collateral attack under Section 2255 in 2006, where Petitioner presented similar arguments (that the government fabricated a tape showing that Petitioner had sold drugs). This motion is old wine in new bottles. Petitioner's Motion to Set Aside Judgment is dismissed for lack of jurisdiction.

### b. Motion to Reduce Sentence

Petitioner also moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 under U.S.S.G § 1B1.10. Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission

> pursuant to 28 U.S.C. 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In November 2007, the Sentencing Commission passed Amendment 706 to the Sentencing Guidelines, which generally reduced by two levels the offense levels applicable to some crack cocaine offenses. Effective March 3, 2008, Amendment 706 (as amended by Amendment 711) was added to the list of amendments to the Sentencing Guidelines that may be applied retroactively. U.S.S.G. § 1B1.10(c).

Amendment 706 is inapplicable to Petitioner. Petitioner's 188 month sentence was calculated based on powder, not crack cocaine, as evidenced this Court's Statement of Reasons, dated February 13, 2002. The Statement of Reasons adopted the probation officer's sentence calculation in the Presentence Investigation Report, and stated:

> The Probation Officer concluded that the base offense level on Counts I and VI was 36. She arrived at that figure by attributing to White at least 64 kilograms of powder cocaine. This calculation is derived from the grand jury testimony of Solomon Evans and the proffer of Quincy Jackson. Evans was a major supplier of cocaine and testified that over an eight-month period he sold one kilogram of powder cocaine to White, two or three times per week . . . . [G]iving White the benefit of the doubt, one kilogram of powder, twice per week for eight months equals 64 kilograms.

The base offense level for an offense involving the unlawful manufacturing, importing, exporting, or trafficking (including possession with intent to commit these offenses) of drugs, or attempt or conspiracy relating to such offenses is determined in U.S.S.G. § 2D1.1. The base offense level for such an offense involving 64 kilograms of cocaine is 36. The lower end of the sentencing range for an offense with a base offense level of 36 is 188 months, which is the sentence that Petitioner ultimately received.

The PSR also refers to Petitioner's sale of 121.9 grams of crack cocaine, but only insofar as it corroborates the estimation that Petitioner handled 64 kilograms of cocaine (121.9 grams of

4

crack cocaine converts to 12.19 kilograms of powder in the drug table). Gov't Opp. to Def.'s Mot. to Reduce 5. This Court's determination of Petitioner's sentence was not calculated based on the crack cocaine transaction, but on the transactions involving an estimated 64 kilograms of powder cocaine. Accordingly, Petitioner's motion to reduce his sentence is denied.

### III. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Set Aside the Judgment and Motion to Reduce Sentence are respectfully denied.

Enter:
/s/ David H. Coar
David H. Coar
United States District Judge

**Dated:** July 2, 2009